UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

DEC 15 1998

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEON JOHNSON, }<br>Plaintiff, } | |
| vs. } | CIVIL ACTION NO. H-98-3800 |
| DEPARTMENT OF THE ARMY, }<br>TEXAS EDUCATION AGENCY, }<br>LONGVIEW HIGH SCHOOL }<br>Defendants. } | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Leon Johnson second amendment to his complaint. Johnson's original and amended complaint relate to an administrative appeal of a decision of the Army Board for Correction of Military Records. This past summer, the Board denied Johnson's request to change his discharge status and he is seeking review of this decision.

On December 2, 1998, Johnson filed another amendment to his complaint adding ten new parties to this lawsuit. However, these parties have nothing to do with the administrative appeal. Johnson's new complaint really adds two separate new lawsuits into the administrative appeal. First, he has added the Texas Attorney General, state district judge Lisa Millard, attorneys Frank Ross, Terry Hamilton, Betty Homminga, James Gillies, Nelson Jones, and the law firm of Fulbright & Jaworski. He alleges that these parties, who were allegedly tangentially related to his divorce, knew he was "having long range mental problems," was disabled, and was a diabetic, yet, "conspired" against him to deprive him of his constitutional rights to due process and equal protection. Johnson also has a second claim against the DEA and the Houston Police Department related to his alleged status as a drug informant. He claims that people are trying to kill him and requests the means and permission to protect himself. He also has a third claim against Yellow Cab. In this claim, Johnson

25

alleges the company used unfair tactics to cause him to buy a new car.

The Federal Rules of Civil Procedure provide that, "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." FED. R. CIV. P. 15(a). "[O]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party." *Id.* Although amendments should be liberally allowed,[1] they are by no means automatic. *Avatar Exploration Inc.*, 933 F.2d at 320. Instead, the decision to grant or deny leave is one left to the sound discretion of the district court. *Id.*

Johnson has not sought leave to amend his complaint. In any event, the Court does not believe that the amendments are warranted. The amendments would transform this administrative appeal against the Army into a hodge-podge collage of every grievance that Johnson has against the world. Thus, his amendment is stricken. Because this complaint is stricken, Plaintiff's motion relating to these matters should be denied.

Accordingly the Court

ORDERS that Plaintiff's pleading entitled "Ammended Original Petion [sic]" is **STRICKEN**. The Court further

ORDERS that Plaintiff's "Emergency Motion on Protective Order to DEA and HPD Narcotics" filed on November 24, 1998 is **DENIED** as **MOOT**.

**SIGNED** at Houston, Texas, this 15th day of December, 1998.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[1] *Duff-Smith v. Collins*, 973 F.2d 1175, 1180 (5th Cir. 1992).